[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before this court is the defendant's motion to strike the fifth count of the operative complaint. The issue in dispute is whether the court should grant the defendant's motion to strike count five of the plaintiff's second amended complaint, in which he asserts a cause of action under the Connecticut Unfair Trade Practices Act, and his prayer for attorney's fees, costs and punitive damages thereunder. For reasons set forth in this decision this court grants the motion to strike.
On May 4, 1999, the plaintiff, Scott R. D'Amico filed his initial complaint against the defendants, Great American Insurance Company (Great American) and Eagle American Insurance Company (Eagle American). According to the plaintiff's second amended complaint (complaint), which is the operative pleading, the plaintiff purchased an automobile insurance policy from Great American through its subsidiary company, Eagle American. The policy included coverage for uninsured or underinsured motorists to the extent of $300,000. On September 6, 1997, during the term of the policy, the plaintiff was involved in an automobile accident which he claims was caused by a third party. The third party paid the plaintiff $25,000, which was the limit of her insurance policy. The plaintiff alleges that he made repeated demands on both defendants to pay him the benefits due to him under the underinsured motorist provision, and that both defendants "failed, neglected and/or refused to pay" him such benefits. (Complaint, count one, ¶ 8, count three, ¶ 8.). The plaintiff asserts causes of action against both defendants for failure to pay underinsured benefits (counts one and three), breach of contract (counts two and four), and against Eagle American for violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (count five). In his prayer for relief, the plaintiff seeks, inter alia, attorney's fees, costs and punitive damages pursuant to CUTPA. (Complaint, p. 8, ¶¶ b and c). On November 24, 1999, the defendants filed a motion to strike the plaintiff's CUTPA claim and his prayer for attorney's fees, costs and punitive damages thereunder. The defendants also filed a memorandum in support of their motion. (Defendants' Memorandum). The plaintiff did not file a response to the motion. The court heard the defendants' oral argument on the motion on January 20, 2000. Neither the plaintiff nor his attorney appeared for argument. CT Page 5738
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "First, the court must accept as true the facts alleged in the complaint." Pamela B.v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy ofopinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "Thus [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." Pamela B. v. Ment,
supra, 244 Conn. 308. In addition, a party may use a motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book §10-39. A court may strike a claim for relief "only if the relief sought could not be legally awarded." Pamela B. v. Ment, supra, 244 Conn. 325.
In count five of the complaint, the plaintiff alleges that Eagle American "engaged in unfair and deceptive acts of practices in violation of the Conn. Gen. Statutes Sec. 42-110b, in one or more of the following ways: a. It required the repeated submission of the same or similar information by the Plaintiff claimant as a claims evaluation/processing delaying tactic; b. It failed to timely and reasonably investigate the Plaintiff's claim; c. It failed to timely and reasonably evaluate the Plaintiff's claim; d. It acted in bad faith to delay the processing and evaluation of Plaintiff's claim; e. It forced the Plaintiff to bring suit to collect monies he is entitled to under the insurance contract between the parties by taking extremely unrealistic and a not reasonably prudent settlement position regarding the claim, immediately prior to the filing of suit; f. It failed to deal fairly and in good faith with the Plaintiff and, g. It failed to timely communicate a reasonable offer of settlement for the Plaintiff's claim." (Complaint, count five, ¶ 10.) In count five, the plaintiff also incorporates by reference the allegations of ¶¶ 1-8 of count three. The plaintiff alleges therein that he made repeated demands on Eagle American for payments of underinsured motorist benefits, and that despite these demands, Eagle American did not pay him these benefits. (Complaint, count three, ¶¶ CT Page 5739 7, 8.)
The defendants advance two arguments in support of their contention that count five is legally insufficient; (1) they contend that the plaintiff fails to allege conduct by Eagle American that constitutes a general business practice, as required for a cause of action based on unfair claim settlement practices; and (2) they contend that the plaintiff has not pled this cause of action with sufficient particularity.
General Business Practice
Reviewing the allegations in count five, the plaintiff appears to allege that Eagle American engaged in unfair claim settlement practices in regard to his claim for underinsured motorist benefits. Although the insurance industry is specifically regulated by the Connecticut Unfair Insurance Practices Act (CUIPA), General Statutes § 38a-815 et seq., the Connecticut Supreme Court has held that a plaintiff may bring a cause of action under CUIPA for conduct that would support a cause of action under CUIPA. Mead v. Burns, 199 Conn. 651, 663, 509 A.2d 11
(1986). However, in order to do so, the plaintiff must allege conduct that would constitute a violation of CUIPA. Id., 665. In this case, the plaintiff does not specifically allege that Eagle American violated CUIPA, nor does he specify which section of CUIPA applies to the conduct he complains about in count five.
CUIPA provides that "[n]o person shall engage . . . in any trade practice which is defined in section 38a-816 as . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance. . . ." § 38a-15. Unfair claim settlement practices are defined in § 38a-816 (6),[1] and this subsection appears to be the only provision of § 38a-816 that applies to the plaintiff's cause of action. Pursuant to § 38a-816 (6), the conduct enumerated therein constitutes unfair and deceptive acts and practices if it is `[c]ommitt[ed] or perform[ed] with such frequency as to indicate a general business practice. . . ." Id. Under § 38a-816 (6), a plaintiff "must allege and prove facts sufficient to show that the insurer was `[c]ommitting or performing [certain specified acts] with such frequency as to indicate a general business practice . . . .' General Statutes § 38a-816 (6)." Heyman Associates No. 1 v.Insurance Co. of Pennsylvania, 231 Conn. 756, 796, 653 A.2d 122 (1995).[2]
Although the term "general business practice" is not defined in CUIPA, the Supreme Court has expressly held that an insurer's "alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other CT Page 5740 claim, does not rise to the level of a `general business practice' as required by § 38a-816 (6)." (Footnote omitted.) Lees v. MiddlesexIns. Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994). In Lees, the court rejected the plaintiff's contention that "proof of an insurer's commission of two or more unfair claim settlement practices in relation to only one insurance claim is sufficient to satisfy the `general business practice' requirement of § 38a-816 (6)." Id., 848. Because such allegations cannot support a cause of action under CUIPA, they are also not sufficient to support a cause of action under CUTPA. Id., 850-51.[3]
Here, in count five, the plaintiff's allegations pertain only to Eagle American's conduct in regard to his claim for benefits. The plaintiff does not allege that Eagle American engaged in similar conduct in regard to other claims nor does he allege any facts that would support such a contention. Therefore, the plaintiff has failed to allege conduct by the defendant that constitutes a `general business practice,' as required for a claim of unfair settlement practices under CUIPA and CUTPA. This court grants the defendant's motion to strike count five on this basis. Presumably the defendants move to strike the plaintiff's prayer for attorney's fees, costs and punitive damages because his claim for such relief is premised on his CUTPA cause of action. Therefore, this court also grants the motion to strike the plaintiff's prayer for these forms of relief.
Particularity of Pleading
Eagle American proffers an alternate argument that count five is legally insufficient because "[t]he plaintiff has not alleged facts sufficient to support a CUTPA claim, but instead has merely stated legal conclusions." (Defendants' Memorandum, p. 12.) Because this court grants the defendant's motion on the grounds that the claim is factually insufficient, it need not reach the second argument.
For the reasons explained above, defendant's motion to strike the fifth count is granted.
Robinson, J.